## UNITED STATES DISTRICT COURT
## FOR THE DISTRCT OF KANSAS

| | | |
|---|---|---|
| REBECCA HEMPHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | Complaint-Class Action |
| PERSHING, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, by and through her undersigned counsel, on behalf of herself and all persons similarly situated, alleges as follows:

### INTRODUCTION

1.  Plaintiff brings this action as a Class Action pursuant to Rules 23(a), (b)(1) and (b)(3) on behalf of others similarly situated relating to the actions and/or omissions of Defendant Pershing L.L.C. (hereinafter "Pershing LLC") who can be served by process with their registered agent at Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

2.  Plaintiff alleges;

    a.  That Pershing LLC was the clearing agent, third party administrator, custodian and/or a similar fiduciary role (all such relationships referred to herein as "custodian") over the IRA accounts and other tax-deferred retirement accounts (referred to herein as "Retirement Accounts") owned by Plaintiff and class members;

    b.  That Pershing LLC knew or should have known that the Retirement Accounts held an interest in the Kinder Morgan Energy Partners, L.P

and/or El Paso Pipeline Partners L.P., limited partnership entities which merged with Kinder Morgan, Inc.;

c.   That such merger resulted in unrelated business taxable income (UBTI), which caused Plaintiff's and class members' Retirement Accounts to incur income tax liabilities;

d.   That Pershing LLC, as custodian, was responsible for ensuring timely filing of account information and tax returns on behalf of Plaintiff's and class members' Retirement Accounts to the Internal Revenue Service ("IRS");

e.   That Pershing LLC failed to recognize such tax implications and further failed to timely file the required tax returns on behalf of Plaintiff's and class members' Retirement Accounts with the IRS so as to avoid late filing fees and subsequent penalties and interest, causing Plaintiff and class members damage;

f.   That Pershing LLC failed to notify Plaintiff and class members of the late filings until such penalties and interest were imposed, causing Plaintiff and class members damage.

3.   Plaintiff Rebecca Hemphill is a resident of Overland Park, Johnson County, Kansas, 7944 W. 118th Street, Overland Park, Kansas 66210.

4.   Members of the putative class members as defined below are those individuals that have been harmed by Defendant's acts, omissions, and practices, specifically those acts, omission, and practices relating to Defendant's failure to timely file class members' Retirement

2

Accounts proper tax forms and returns.  Upon information and belief, the number of members of the putative class are in the thousands.

5.  Pershing LLC is a wholly owned subsidiary of The Bank of New York Mellon Corporation (BNY Mellon) and is headquartered in Jersey City, New Jersey.

## JURISDICTION AND VENUE

6.  This court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. §1332 as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and cost, and is a class action in which some members of the class are citizens of states different than Defendant. *See* 28 U.S.C. §1332(d)(2)(A).  This court has personal jurisdiction over Defendant Pershing LLC because Pershing LLC conducts business within the State of Kansas and maintains a registered agent.

7.  Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) because Defendant Pershing LLC conducts business in this judicial district.  Pershing LLC has sufficient minimum contacts with the District of Kansas and intentionally avails itself to serve as custodian of accounts held for the benefit of Kansas residents, including Plaintiff Hemphill.

## FACTUAL BACKROUND

8.  Pershing LLC, serves as a clearing house for approximately 800 financial firms and acts as a nonbank custodian as described under Treasury Regulations section 1.408-2(e) et. seq., having demonstrated it met the requirements to handle certain fiduciary accounts, including IRAs, Roth IRAs, and other tax-deferred retirement accounts.

9.  As a nonbank custodian, Pershing LLC agreed to act in a fiduciary capacity for those Retirement Accounts for which it served as custodian.

10. Pershing LLC, acting as a custodian, and in its capacity as a fiduciary, was and is required to file tax returns and report account information for its custodial accounts to the Internal Revenue Service.

11. Pershing LLC acted as custodian of Plaintiff Hemphill's and class members' Retirement Accounts.

12. As custodian, Pershing LLC was responsible for, among other things:

    a.  timely obtaining necessary taxpayer identification numbers for the Retirement Accounts for which it served as custodian, if needed, for years in which such accounts had taxable income;

    b.  filing an IRS Form 990-T for all years in which the Retirement Accounts had taxable income on behalf of such Retirement Accounts; and

    c.  communicating with its Retirement Account owners and clients to provide them information relating to tax implications for Retirement Accounts for which it served as custodian.

13. Plaintiff Hemphill and class members were owners of Retirement Accounts which invested and/or held interest in Kinder Morgan Energy Partners, L.P and/or El Paso Pipeline Partners L.P., limited partnership entities.

14. On August 9, 2014 Kinder Morgan Energy Partners, LP ("KMP") and Kinder Morgan, Inc. ("KMI") entered into a merger agreement ("Merger Agreement") in which KMI would acquire directly or indirectly all outstanding KMP common units that KMI and its subsidiaries did not already own.

15. Through the Merger Agreement, KMI also entered into a merger agreement with each of Kinder Morgan Management, L.L.C. ("KMR") and El Paso Pipeline Partners, LP

("EPB") in which KMI would acquire directly or indirectly all of the outstanding equity interests in KMR and EPB that KMI and its subsidiaries did not already own.

16. Notice of the merger proposal went to Pershing LLC on or about October 22, 2014, as custodian for Plaintiff Hemphill's and class members' Retirement Accounts ("Proposal").

17. In the Proposal, Pershing LLC as custodian, was informed that the transaction would be considered a deemed sale of the partnership units and of the tax consequences to its Retirement Accounts resulting from the merger.

18. Pershing LLC as custodian knew or should have known that it was required to report account information and file tax returns with the IRS in connection with the merger on behalf of the Retirement Accounts for which it served as custodian.

19. Pershing LLC as custodian knew or should have known that it was required to seek an extension for filing such returns in order to avoid penalties if it needed additional time to comply with the tax return filing deadlines, but failed to file such extensions.

20. That on or about November 26, 2014, KMI's merger and acquisition of KMP, KMR and EPB under the Merger Agreement closed.

21. That shortly after such closing, Pershing LLC knew or should have known that the Retirement Accounts that owned KMP or EPB units, for which it acted as custodian, would be subject to UBTI (unrelated business taxable income) as a result of the merger.

22. That upon information and belief, sometime mid-February 2015 Pershing LLC received the IRS Schedule K-1 and supporting materials providing the information necessary for Pershing, LLC to determine the taxable consequences of the merger upon the Retirement

Accounts for which it served as custodian, and as necessary for Pershing, LLC to prepare and file the tax returns on behalf of Plaintiff's and class members' Retirement Accounts.

23. That despite Pershing LLC's fiduciary and custodial responsibilities, Pershing LLC failed to timely file account information and required tax returns for Plaintiff's and class members' Retirement Accounts with the IRS to avoid imposition of penalties and interest.

24. Furthermore, Pershing LLC failed to inform or otherwise notify Plaintiff or class members, that it had failed to timely file account information and required tax returns for Plaintiff's and class members' Retirement Accounts with the IRS to avoid imposition of penalties and interest.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Fed.R.Civ.P. 23(a), 23(b)(1) and 23(b)(3). This action satisfies the numerosity, commonality, typicality, adequacy requirements of 23(a). It also satisfies the predominance and superiority requirements of Rule 23(b)(3).

26. The proposed class is defined as all Retirement Account owners/holders for which Pershing LLC was or is the custodian or similar fiduciary role over the Retirement Accounts, which owned more than nine units of Kinder Morgan Energy Partners, L.P. and/or El Paso Pipeline Partners, LP during 2014, and for which Pershing LLC failed to timely file a Form 990-T for the year 2014 ("Putative Class Members").

27. Plaintiff reserves the right to modify or amend the definition of the proposed class before the Court determines whether certification is appropriate.

28. Excluded from the putative class are Pershing LLC, its parents, subsidiaries, affiliates, officers and directors, any entity in which Pershing LLC has a controlling interest, all

customers and account owners/holders who make a timely election to be excluded, governmental entities, and all Judges assigned to hear any aspect of this litigation, as well as their immediate family members.

29. The members of the putative class are so numerous that a joinder is impractical. The putative class consists of thousands of members, the identity of whom is within the knowledge of and can be ascertained only by resorting to Pershing LLC's records.

30. The claims of the representative Plaintiff are typical of the claims of the putative class in that the representative Plaintiff, like all Putative Class Members, has been damaged by Pershing LLC's misacts, omissions, or misconduct because they have incurred, and/or will continue to incur liability to the IRS for penalties and interest on amounts due to the IRS due to Pershing LLC's acts, omissions, and misconduct.   Furthermore, the factual basis of Pershing LLC's acts, omissions, or misconduct is common to all Putative Class Members.

31. There are numerous questions of law and fact common to the putative class and those common questions predominate over any questions affecting only individual Putative Class Members.

32. Among the questions of law and fact common to the putative class are whether Pershing LLC;

    a. acting as a nonbank custodian and fiduciary breached its duties to the Putative Class Members by failing to timely obtain necessary tax identification information for its account owners/holders so that IRS forms and tax returns could be timely filed;

    b. acting as a nonbank custodian and fiduciary breached its duties to the Putative Class Members by failing to timely file account information and

tax returns, including a Form 990-T with the IRS on behalf the Retirement Accounts for which is served as custodian, reflecting the UBTI incurred as a result of the Merger;

c.  acting as a nonbank custodian and fiduciary breached its duties to the Putative Class Members by failing to file an extension from the IRS for its Retirement Accounts for which it serves as a custodian, and for which was subject to UBTI incurred as a result of the Merger, when it knew or should have known that such tax returns would not be timely filed for its account owners/holders;

d.  acting as a nonbank custodian and fiduciary breached its duties to the Putative Class Members by failing to timely notify its account owners/holders of its failure to obtain proper taxpayer identification numbers, or ability to timely file a Form 990-T, or its failure to seek an extension for filing the Form 990-T.

33. Plaintiff's claim is typical of the claims of other Putative Class Members, in that it arises out of the same act, omission, or misconduct by Pershing LLC and has suffered the harm alleged and has no interest antagonistic to the interest of any other Putative Class Member.

34. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel.   Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interest of the putative class.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since the amount of each individual Putative Class Member is relatively small as compared to the complexity of the litigation, and due to the financial

resources of Pershing LLC, no Putative Class Member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Putative Class Members would continue to suffer losses and the misconduct of Pershing LLC would proceed without remedy.

36. Even if Putative Class Members themselves could afford such individual litigation, the Court system could not. Given the legal and factual issues involved, individual litigation would significantly increase the delay and expense to all parties and to the court. Individual litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

## THE DAMAGES SUSTAINED BY PLAINTIFF AND THE CLASS MEMBERS

37. As shown above, Pershing LLC's acts, omissions, and misconduct caused its customers and Retirement Accounts for which it served as custodian to incur penalties and interest on the UBTI tax burden owed as a result of the Kinder Morgan Merger.

38. Due to Pershing LLC's acts, omissions, and misconduct, Plaintiff and the Putative Class Members have been wrongfully forced to pay penalties and interest on the tax burden owed to the IRS as a result of the Kinder Morgan merger. Defendant has caused Plaintiff and the Putative Class Members ascertainable monetary loss and damages.

39. Not until on or about October 7, 2015 did Pershing LLC finally inform Plaintiff, and upon information and belief Putative Class Members, of the fact that it had failed to timely file the required tax returns, in particular Form 990-T, to report the UBTI.

40. As a result, Plaintiff and Putative Class Members were damaged to the extent their Retirement Accounts were subject to late-filing penalties, late-payment penalties, and interest.

41. That Plaintiff and Putative Class Members are entitled to recovery of damages for the amounts their Retirement Accounts paid or were subject to the late-filing penalties, late-payment penalties, and interest.

42. Based upon information and belief, the damages incurred by Plaintiff's IRA for penalties and interest on the tax burden is representative of hundreds of millions of dollars of similar penalty and interest charges that other Pershing LLC customers were assessed.

## FIRST CLAIM FOR RELIEF

### Breach of Fiduciary Duty

43. Plaintiff repeats and incorporates paragraphs 1 through 42 as if fully stated herein.

44. Pershing LLC entered into agreements with Plaintiff and Putative Class Members to act as a custodian of their Retirement Accounts.

45. As custodian, Pershing LLC had the fiduciary obligation to timely notify its owners/account holders of possible tax burden to be imposed as a result of the Kinder Morgan merger and to prepare and timely file appropriate tax returns with the IRS in order to avoid penalties and interest being applied.

46. In breach of its fiduciary duty Pershing LLC failed to timely and properly notify Plaintiff and Putative Class Members of the tax burden as a result of the Kinder Morgan merger.

47. Pershing LLC breached its fiduciary duty by failing to timely file necessary tax returns so as to avoid the imposition of penalties and interest.

48. Plaintiff and Putative Class Members have sustained damages as a result of Pershing LLC's breach of its fiduciary duty to the Plaintiff and each Putative Class Member.

WHEREFORE, Plaintiff, on behalf of herself and Putative Class Members:

Demands Judgment for actual damages in the amount of the penalties and interest assessed for Pershing LLC's failure to properly and timely file necessary tax returns for the tax burden imposed on Plaintiff's and Putative Class Members' Retirement Accounts.

All fees paid to Pershing LLC by Plaintiff's and Putative Class Members' Retirement Accounts for the filing of the tax returns with the IRS.

Prejudgment interest at the maximum rate permitted by applicable law.

Cost and expenses incurred by Plaintiff in connection with this action, including reasonable attorney's fees to the extent allowed by law.

Such other relief as this Court deems just and proper.

## SECOND CLAIMS FOR RELIEF

### Negligence

49. Plaintiff repeats and incorporates paragraphs 1 through 48 as if fully stated herein.

50. As custodian, Pershing LLC had the duty to notify its owners/account holders of the tax burden to be imposed as a result of the Kinder Morgan merger and to prepare and timely file appropriate tax returns with the IRS in order to avoid penalties and interest being applied.

51. Pershing LLC failed to timely and properly notify Plaintiff and Putative Class Members of the tax burden as a result of the Kinder Morgan merger.

52. Pershing LLC negligently failed to timely file necessary tax returns so as to allow Plaintiff's and Putative Class Members' Retirement Accounts to avoid or minimize the imposition of penalties and interest.

53. Plaintiff and Putative Class Members have sustained damages as a result of Pershing LLC's breach of its duty to the Plaintiff and each class member.

WHEREFORE, Plaintiff, on behalf of herself and Putative Class Members:

Demands Judgment for actual damages in the amount of the penalties and interest assessed for Pershing LLC's failure to properly and timely file necessary tax returns for the tax burden imposed on Plaintiff's and Putative Class Members' Retirement Accounts.

All fees paid to Pershing LLC by Plaintiff's and Putative Class Members' Retirement Accounts for the filing of the tax returns with the IRS.

Prejudgment interest at the maximum rate permitted by applicable law.

Cost and expenses incurred by Plaintiff in connection with this action.

Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and the Putative Class Members hereby demands a trial by jury on all issues.

Respectfully submitted,

MORROW WILLNAUER KLOSTERMAN CHURCH, L.L.C.

By _____
GARY J. WILLNAUER, #14484
DEBORAH F. O'CONNER, #18568
8330 Ward Parkway, Suite 300
Kansas City, Missouri 64114
Telephone:     (816) 382-1382
Fax:           (816) 382-1383
Email:         gwillnauer@mwklaw.com
Email:         doconnor@mwklaw.com
ATTORNEYS FOR PLAINTIFF HEMPHILL

12